JUSTICE WEBER,
dissenting:
I respectfully dissent from the majority opinion. The intent of the majority opinion is to require the following with regard to the insurance purchased by a father on his owned vehicle where he has named his son as an insured: Any motor vehicle driven by his son shall be covered by the father’s insurance policy, even where the son was denied permission to drive the vehicle by its owner. While it may be commendable to require that every driver of a motor vehicle be covered by insurance, I am unable to find such requirements in the statutes.
I will restate portions of the pertinent code sections. Section 61-6-301, MCA (1989), (amended effective July 1,1990), provides in part:
“(1) Every owner of a motor vehicle which is... operated in Montana by the owner or with his permission shall continuously provide insurance against loss ... suffered by any person caused by maintenance or use of a motor vehicle, as defined in 61-1-102 ...” (Emphasis is supplied in majority opinion.)
In pertinent part § 61-1-102, MCA, provides:
“ ‘Motor vehicle’ means every vehicle propelled by its own power and designed primarily to transport persons or property upon the highways of the state .... The term does not include a bicycle ...”
The majority concludes that the Kathy Cloninger automobile falls within the definition of a motor vehicle as contained in § 61-1-102, MCA. That section covers all automobiles, and of course does include the Cloninger vehicle. I find it misleading to suggest that section somehow assists in reaching a conclusion that the Cloninger vehicle comes within the definition of § 61-6-301, MCA, in such a manner that all that is left is to determine if the father gave his son permission to drive the Cloninger vehicle. Our problem is to determine if § 61-6-301(1), MCA, requires coverage.
In substance § 61-6-301, MCA, requires the owner of a motor vehicle operated with his permission to provide insurance. Clearly that reference to providing insurance is a reference back to the owned motor vehicle. It also seems clear that the reference to insurance against loss caused by use of a motor vehicle is merely descriptive of the type of insurance which is required on the motor vehicle. I therefore conclude that § 61-6-301, MCA, clearly requires every owner of a motor vehicle being operated in Montana with his *6 permission to continuously provide insurance against loss resulting from use of the owned motor vehicle. I can find nothing in that section which applies to any vehicle other than the owned motor vehicle. I must dissent from the key conclusion of the majority opinion — that in some maimer the foregoing statute compels an owner of a motor vehicle to provide continuous coverage for the use of any motor vehicle which is used with the owner’s permission.
Having reached the foregoing conclusion, I of course cannot agree with the further conclusion that the policy as written violates the public policy of the statute so that the limitation of the use by Brian Hankinson of an automobile with his father’s permission is void as contrary to public policy.
I further note that the majority’s interpretation does not consider statutory provisions such as § 61-6-103, MCA (1989), (amended effective July 1, 1990), which in pertinent part provides:
“(1) A ‘motor vehicle liability policy’ ... shall mean an owner’s ... policy of liability insurance ...
“(2) Such owner’s policy of liability insurance shall:
“(a) designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted; and
“(b) insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured ...”
Clearly the foregoing section allows an owner to purchase insurance which designates which vehicles shall be covered by appropriate reference, and therefore allows the limitation contained in the present policy which grants coverage to motor vehicles driven by an insure used with the permission of the owner. Such a limitation seems completely consistent with § 61-6-103, MCA.
As suggested at the beginning of this dissent, it may be commendable to require insurance so that the driver of any car is covered. Under the facts of this case, it is not proper for this Court to make such a change in the statutes. That change should be left to the legislature. I dissent.